# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

GETHRO MONDELICE,

    Defendant.

NO. 3:15-CR-00295

(JUDGE CAPUTO)

## MEMORANDUM

Before me is a Motion to Withdraw a Guilty Plea (Doc. 27) filed by Defendant Gethro Mondelice ("Defendant").[1] For the reasons that follow, Defendant's motion will be granted.

### I. Background

On December 15, 2015, a federal grand jury returned a five-count indictment against Defendant. (Doc. 1). Counts 1 through 3 of the indictment charged Defendant with distributing cocaine, in violation of Title 21, U.S.C § 841; Count 4 charged Defendant with possessing with the intent to distribute cocaine, also in violation § 841; and Count 5 charged Defendant with possessing three firearms in furtherance of his drug trafficking crime, in violation of § 841 as well as Title 18, U.S.C. § 924(c).

On May 23, 2016, Defendant appeared before me and, in accord with a plea agreement, pled guilty to Counts 4 and 5, namely, possession with intent to distribute cocaine and possessing three firearms in furtherance his drug trafficking crime. (Docs. 18, 22, 23). At that time, I ordered a pre-sentence report. A probation officer has not yet interviewed Defendant, and I have not yet sentenced him.

In the instant motion to withdraw his guilty plea, Defendant avers that he entered his plea of guilt to Count 5 with a lack of understanding of the elements of the crime. (Doc. 28, at 5). While he admits that he sold drugs and possessed firearms, he denies that he

---

[1] At the time of the entry of his guilty plea, Defendant was represented by a court-appointed counsel (*See* Doc. 11), who also filed the instant motion. Prior to the hearing on this motion, the court-appointed counsel was permitted to withdraw her appearance on behalf of Defendant. Shortly thereafter, I appointed new counsel to represent Defendant (Doc. 36).

possessed firearms in furtherance of a drug trafficking scheme. (*Id.*). He claims that "he bought guns to preserve his life against [an] intrusion by robbers with guns." *Id.* Thus, he asserts that he is innocent of the charges in Count 5.

Oral argument on this motion was heard on December 1, 2016, and the motion is now ripe for review.

## II. Legal Standard

Fed R. Crim. P. 11(d)(2)(B) states that "[a] defendant may withdraw a plea of guilty . . . after the court accepts the plea, but before it imposes sentence if: (B) the defendant can show a fair and just reason for requesting the withdrawal." Whether to permit the withdrawal of a guilty plea is within the sound discretion of the Court. *United States v. Martinez*, 785 F.2d 111, 113 (3d Cir. 1986). "Once accepted, a guilty plea may not automatically be withdrawn at the defendant's whim." *United States v. Brown*, 250 F.3d 881, 815 (3d Cir. 2001). The burden is on the defendant to prove that he should be permitted to withdraw his plea of guilty, and the burden is "substantial." *United States v. Jones*, 336 F.3d 245, 252 (3d Cir. 2003).

There are three factors which a court must consider in evaluating whether to permit the withdrawal of a guilty plea: (1) whether the defendant asserts his innocence; (2) whether the government would be prejudiced by the withdrawal of the plea; and, (3) the strength of the defendant's reasons for seeking to withdraw the guilty plea. *Martinez*, 785 F.2d at 114. I will consider each of these factors in turn.

## III. Discussion

**1.    The Strength of Defendant's Reasons for Seeking to Withdraw The Guilty Plea**

Defendant asserts that he misunderstood the elements of Count 5. He claims that "[h]is lack of experience with the elements of 18 U.S.C. § 924(c) resulted in . . . admitting to a crime that he firmly believes he did not commit." (Doc. 28, at 5).

The record shows that during the guilty plea hearing, Defendant did not express any confusion or indicated any misunderstanding, and coherently and intelligently responded to my questions. (Doc. 26). Defendant confirmed that his court-appointed counsel explained

the plea agreement to Defendant. *Id.* at 3-4. I then advised Defendant about: the sentencing process, which Defendant testified he understood; the right to plead not guilty, in which case the Government would have to prove his guilt beyond a reasonable doubt; the right to see and hear all of the witnesses and have them cross-examined; the right not to testify; and, the right to subpoenas to force the attendance of witnesses. *Id.* at 12-14. He testified he understood those rights. *Id.* I further advised him that, at trial, he would not have to present evidence of innocence, and that the jury would be instructed to disregard his failure to present any evidence as an indication of guilt. *Id.* at 13.

Lastly, I explained the elements of Counts 4 and 5, and Defendant testified he understood the charges and was guilty of each offense. *Id.* at 14-15. He also testified that the Assistant United States Attorney's ("AUSA") summary recitation of the facts was true. Thereafter, he testified he was guilty of Counts 4 and 5, and I accepted the plea. *Id.* at 15.

In sum, while under oath, Defendant admitted to the factual basis outlined by the Government during the plea colloquy, and by answering that he was "guilty" of the offense and signing the "Defendant's Acknowledgment of Rights Waived by Guilty Plea," (Doc. 23) he admitted that he possessed firearms in furtherance of a drug trafficking offense. Thus, the foregoing undermines Defendant's stated reasons for changing his plea.

**2.   Assertion of Innocence**

Bald assertions of innocence are insufficient to permit a defendant to withdraw his guilty plea. *United States v. Jones*, 336 F.3d 245, 252–53 (3d Cir. 2003). Rather, "[a]ssertions of innocence must be buttressed by facts in the record that support a claimed defense." *United States v. Brown*, 250 F.3d 811, 818 (3d Cir. 2001) (quoting *United States v. Salgado-Ocampo*, 159 F.3d 322, 326 (7th Cir.1998)). Once a defendant has pleaded guilty, he "must then not only reassert innocence, but give sufficient reasons to explain why contradictory positions were taken before the district court and why permission should be given to withdraw the guilty plea and reclaim the right to trial." *Jones*, 979 F.2d at 318. "The representation of the defendant, his lawyer, and the prosecutor at [a guilty plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier

3

in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977) (internal citations omitted).

Here, Defendant denies that he ever possessed firearms in furtherance of drug trafficking. However, his claim is not merely a blanket assertion of innocence; rather, Defendant points to the record in this case which is notably devoid of any evidence indicating that the guns found in Defendant's apartment were used or possessed by him to advance his narcotics sale enterprise.

At the change of plea hearing, I explained the elements of Count 5 of the Indictment as charging that "[Defendant] used or carried a firearm in the furtherance of such crime or in the furtherance of such crime of drug trafficking, [Defendant] possessed the firearm." (Doc. 26, at 14). I then asked the Assistant United States Attorney, Mr. Gotlob, "to briefly outline the factual basis, in summary fashion, that would meet these elements." (*Id.*).

> MR. GOTLOB: Yes, Judge. I'm just going to go over all five counts, because they kind of lead into each other. Counts 1 through 3, there was three sales of a controlled substance, cocaine, to an individual on July 29, 2015, July 31, 2015 and August 4, 2015. The sale was made by Mr. Mondelice to a person known to the Government. After the third sale of drugs, a search warrant was obtained by the State, a search warrant was executed on Mr. Mondelice's home. After Mr. Mondelice was placed under arrest, when they went into that home, Mr. Mondelice's roommate was there, he showed them where Mr. Mondelice's room was. When they went into that room, they recovered three firearms and cocaine. That's the basic elements that we intend to prove at trial, Judge.

*Id.* at 15.

Notably missing from the AUSA's narrative are any facts that are essential to establish each element of Count 5, namely, that Defendant possessed his guns with the intent to or effect of furthering drug trafficking. Defendant's explanations at the December 1, 2016 hearing on the motion to withdraw his guilty plea that the handguns were owned by him for protection of his home are not in contradiction with the facts that the AUSA presented and Defendant asserted were true during the change of plea hearing. The facts proffered by the AUSA establish only that firearms were found at Defendant's residence after a warrant was obtained. That is insufficient to establish the factual basis to support Count 5. The AUSA's

above-cited narrative proves merely that Defendant possessed guns, it does not prove that he possessed them to further his drug trafficking scheme, in violation of 18 § U.S.C. 924(c)(1). As a result, the Government never distinguished this latter charge or those facts proffered in support of it to ensure that Defendant "possess[ed] an understanding of the law in relation to the facts" before pleading guilty, as required under Rule 11. *United States v. Broce*, 488 U.S. 563, 570, 109 S. Ct. 757, 762 (1989).

As the Third Circuit has instructed, "the mere presence of a gun is not enough" to establish guilt under § 924(c). *United States v. Sparrow*, 371 F.3d 851, 853 (3d Cir.2004). "What is instead required is evidence more specific to the particular defendant, showing that his or her possession actually furthers the drug trafficking offense." *United States v. Ceballos-Torres*, 218 F.3d 409, 414 (5th Cir. 2000). "[T]he Government must prove . . . that a firearm was possessed by the defendant to advance or promote drug trafficking." *United States v. Golson*, 2015 WL 5693044, *4, (M.D. Pa, September 28, 2015). In the analysis, a court must consider the following factors: (1) the type of weapon possessed; (2) the nature of the drug activity in question; (3) the accessibility to the defendant of the firearm; (4) whether the weapon is stolen; (5) whether the defendant possessed the gun legally or in an illicit manner; (6) whether the gun contains ammunition; (7) the proximity to the drugs or drug profits; and (8) the circumstances under which the gun is discovered. *United States v. Sparrow*, 371 F.3d 851, 853 (3rd Cir. 2004) (citing *United States v. Ceballos-Torres*, 218 F.3d 409, 414-15 (5th Cir.2000)).

Here, at Defendant's change of plea hearing, the Government recited its summary of pertinent facts, and Defendant agreed, under oath, that these facts were accurate. These facts, however, do not establish any of the salient factors announced in *Sparrow*. 371 F.3d at 853. According to Defendant,

> [t]he government conducted several controlled purchases of drugs from Mondelice by the same confidential informant. Taped phone calls preceded each buy. No call mentioned a gun. The government took surveillance pictures of Mondelice as he came from his house to complete a sale. No surveillance pictures of Mondelice depict him with a gun. On occasion, the confidential informant made the buy after walking up to the second floor of Mondelice's building by way of outside stairs, right to Mondelice's front door. Mondelice conducted his transactions with the [Confidential Informant ("CI")]

>outside the apartment. The government filmed the interaction of the CI and Mondelice. The CI never saw a gun and never reported to her law enforcement handlers that she saw Mondelice with a gun or ever saw a gun in his house. Mondelice did not have access to a gun when he sold drugs. The government did not provide information that anyone dealing with Mondelice and drugs ever saw him with a gun or heard him say he had a gun. The man Mondelice shared the apartment with was aware that Mondelice bought a gun after intruders robbed their apartment of possessions in April of 2015. Mondelice fought one of the intruders, and when his attacker pulled a gun on Mondelice, Mondelice told the intruders, "Take what you want." Mondelice maintains that the gun was to protect his person from intruders such as the one who pulled a gun on him in April of 2015. This home invasion was investigated by law enforcement.

(Doc. 28, at 4-5).

Defendant's assertions of innocence are persuasive. The circumstances surrounding Defendant's arrest, as well as the AUSA's recitation of facts weigh strongly in favor of a finding that the firearms in issue were not possessed in furtherance of drug trafficking activity. The lacking factual basis to support Count 5 proffered by the Government at Defendant's change of plea hearing suggests that Defendant did not understand the nature of the charge in Count 5 and did not knowingly and voluntarily plead guilty to that Count. As such, Defendant's failure to knowingly and voluntary plead guilty to Count 5 of the indictment constitutes a "fair and just" reason for permitting defendant to withdraw his plea of guilty to that Count under Rule 11(d). *See United States v. Ballard*, 2005 WL 1690826 (E.D. Pa. July 18, 2005) (granting a defendant's request to withdraw his guilty plea where the defendant "credibly asserted his innocence" by disputing the factual basis of the charge at issue at the plea hearing and thereafter).

3.      **Prejudice to the Government**

Because Defendant has met his burden with respect to the second factor and has meaningfully asserted his innocence, the Government must show that it would be prejudiced by Defendant's withdrawal. *United States v. Brown*, 250 F.3d 811, 815 (3d Cir.2001); *see also United States v. Martinez*, 785 F.2d 111, 116 (3d Cir.1986). However, the Government did not address this factor in its brief in opposition to Defendant's motion to withdraw guilty plea or at the hearing on the instant motion. As such, the Government failed to meet its burden as to this factor.

## IV. Conclusion

An analysis of all attendant circumstances compels the conclusion that Defendant demonstrated a "fair and just reason" for the withdrawal of his guilty plea. Therefore, the motion will be granted. An appropriate Order follows.


December 6, 2016              /s/ A. Richard Caputo
Date                          A. Richard Caputo
                              United States District Judge